UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | Case No. 13-72231-crm |
| PETER ABRAHAM, | CHAPTER 7 |
| Debtor, | JUDGE MULLINS |
| U.S. REGENCY RETAIL I, LLC and REGENCY CENTERS, L.P., | |
| Movants, | |
| v. | CONTESTED MATTER |
| PETER ABRAHAM, | |
| Respondent. | |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
U.S. REGENCY RETAIL I, LLC'S AND REGENCY CENTERS,
L.P.'S MOTION TO LIFT STAY IN ORDER TO PERMIT
DISPOSSESSORY PROCEEDING**

NOW COME Movants U.S. Regency Retail I, LLC and Regency Centers, L.P. and file this, their Memorandum of Law in Support of their Motion to Lift Stay and Permit Dispossessory Proceeding, and respectfully show the Court as follows:

**INTRODUCTION**

This is a pretty straight-forward motion. Debtor Peter Abraham is a party to an expired lease. Movants want to evict him from the space because the lease expired and Debtor has no right to the premises. Movants ask the Court to lift the stay in order to allow a dispossessory action to proceed.

Debtor was previously a party to a lease with Movants. That lease expired on January 31, 2013. At that time Debtor entered into a lease modification which gave him a month to month tenancy subject to a mutual sixty (60) day right of termination. That termination right was exercised by the Landlord in June 2013, and Mr. Abraham's lease interest expired as of August 25, 2013.

Mr. Abraham, however, refuses to leave the Premises. He is simply a hold over with no legal right to possess the premises, yet he refuses to leave. Not surprisingly, this bankruptcy proceeding was filed the evening before a hearing in DeKalb County Magistrate Court to give Landlord a writ of possession. Under these circumstances, the Bankruptcy Code requires the stay be lifted.

## BACKGROUND

Debtor entered into a Lease with Regency Centers, L.P. dated October 11, 2007 (the "Lease"). The Lease is attached as Exhibit "A" to the Affidavit of Ward Williams, dated October 15, 2013, and filed herewith. A true and correct copy of the Lease is also attached as Exhibit "A" hereto for the Court's convenience. The Lease permitted Debtor to operate a restaurant in space in the Dunwoody Hall Shopping Center (the "Premises"). Lease, p. 1. The Lease was for a period of five years. Id. The Lease also contained an option for Debtor to extend the Lease for an additional five years. Id., Article 27. In order to execute his option, Debtor was required to provide written notice of his intent to do so to the Landlord, by certified mail, no later than six months before the expiration of the initial lease term. Lease, Art. 27. Among other things, the "Option to Extend this Lease shall be deemed null and void if . . . (4)

Tenant has failed to give written notice by certified mail, return receipt requested, to Landlord six (6) months prior to the expiration of the initial term." Id.

In October, 2009, Debtor signed a Tenant Estoppel Certificate. A true and correct copy of the Tenant Estoppel Certificate is attached as Exhibit "B" to the Williams Affidavit, and a true and correct copy is attached as Exhibit "B" hereto for the Court's convenience. The Tenant Estoppel Certificate is signed by a tenant to acknowledge (i) the shopping center is being sold, (ii) the tenant will become a tenant of the new owner, and (iii) the tenant's lease is in full force and effect (unless otherwise noted). Williams Aff., ¶ 6. This particular Tenant Estoppel Certificate has three relevant paragraphs. Paragraph 4 notes that there is no default under the Lease. Paragraph 7 acknowledges the Tenant, as of October, 2009, has an option to extend the Lease for five additional years. Paragraph 14 acknowledges the transfer of ownership of the Shopping Center. Williams Aff. Ex. "B".

The initial Lease term was to expire as of January 31, 2013. Williams Aff., ¶ 4. Debtor did not exercise his option to extend the Lease. Id. at ¶ 5. Instead, on or about January 31, 2013, Plaintiff entered into a First Modification to Lease Agreement with Movant U.S. Regency Retail I, LLC. A true and correct copy of the Modification is attached as Exhibit "C" to the Williams Affidavit, and a copy is attached as Exhibit "C" hereto for the Court's convenience. That Modification states, in relevant part, as follows:

> 2. <u>Tenant at Sufferance</u>. The above reference[d] Lease will expire on its own terms as of midnight on January 31, 2013. Should Tenant remain in possession of the leased premises after the Termination Date then it shall be deemed a short-term tenant at sufferance subject to the provisions of Georgia law.

Modification ¶ 2.

- 3 -

On June 26, 2013, Defendant Regency Centers, L.P. sent a letter to Plaintiff terminating the Lease.  A true and Correct Copy of the Letter is attached as Exhibit "D" to the Williams Affidavit, and a true and correct copy is attached as Exhibit "D" hereto for the Court's convenience.  The Letter acknowledges that Plaintiff is a month-to-month tenant and demands he vacates the premises no later than August 25, 2013.

On August 30, 2013, a dispossessory proceeding was filed against Debtor.  Williams Aff., ¶ 10.  After an Amendment, the Dispossessory Warrant was served upon Debtor, and a hearing set for October 10, 2013.  On October 9, 2013, Debtor filed his bankruptcy petition.

## ARGUMENT AND CITATION OF AUTHORITY

Section 362 of the Bankruptcy Code provides that the Automatic Stay does not apply to "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property."  11 U.S.C. § 362(b)(10).  "Whether or not a lease has terminated prior to bankruptcy is a question of state law."  In re Huffman, 171 B.R. 649, 653 (Bank. W.D. Mo. 1994).  Where the lease expires by its own terms, the stay must be lifted to allow the landlord to regain possession of the premises.  In re Hampton, 78 B.R. 357, 358 (Bankr. N.D. Ga. 1987).

The law on interpreting contracts under Georgia law is not in dispute.  The "cardinal rule of contract construction is to ascertain the intention of the parties."  Board of Commissioners of Crisp County v. City Commissioners and the People of Cordele, 315 Ga. App. 696, 699, 727 S.E.2d 524 (2012).  The rules for determining the parties' intent is similarly clear.

> To begin with, we note that the construction of a contract is a question of law for the court.  And the construction of a contract

> involves three steps. The first step is to decide whether the language of the contract is clear and unambiguous. **If so, the contract is enforced according to its plain terms, and the contract alone is looked to for meaning.** Second, if the language of the contract is ambiguous in some respect, the rules of contract construction must be applied by the court to resolve the ambiguity. And finally, if ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury.

Id. (citations and quotations omitted; emphasis added).

It cannot be seriously disputed that the Lease at issue expired prior to Debtor's filing of Bankruptcy. The original Lease stated that it would expire no later than January 31, 2013, unless Debtor properly exercised his option to extend the lease. He did not exercise his option to extend his lease. Williams Aff., ¶ 5. Instead, he signed a lease modification making him a month-to-month tenant with a mutual sixty (60) day termination right. That right was exercised by Landlord on June 25, 2013. The lease expired August 25, 2013.

Accordingly, in order to allow the automatic stay to bar Landlord's dispossessory proceeding, this bankruptcy would have had to be filed no later than August 25, 2013. Instead, it was filed on October 9, 2013. The stay must be lifted in order to allow the Landlord to re-gain possession of the Premises.

## **CONCLUSION**

The Movants wish to re-gain possession of Premises which are occupied by Debtor even though the Lease to which he was previously a party expired months before this bankruptcy was filed. The Bankruptcy Code provides the automatic stay does not act to bar such an action. Accordingly, the stay must be lifted to allow Movants to proceed with the dispossessory proceeding against Debtor.

Dated:  October 15, 2013

Respectfully submitted,

By:  */s/ John C. Amabile*
    John C. Amabile
    Bar No. 014520
    SCHIFF HARDIN LLP
    One Atlantic Center, Suite 2300
    1201 West Peachtree Street
    Atlanta, GA  30309
    Telephone:   (404) 437-7000
    Facsimile:    (404) 437-7100

*Attorneys for Movants U.S. Regency Retail I, LLC and Regency Centers, L.P.*